Filed 6/9/21  P. v. Sharonoff CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C092529 |
| Plaintiff and Respondent, | (Super. Ct. No. P10CRF0036) |
| v. | |
| KENNETH ALLEN SHARONOFF, | |
| Defendant and Appellant. | |

A jury convicted defendant Kenneth Allen Sharonoff of second degree murder and several related charges.  This court affirmed the conviction in 2012.  In May 2020, defendant filed a petition for resentencing under Penal Code section 1170.95[1] and requested the appointment of counsel.  The trial court found that defendant was ineligible for relief and denied the petition without holding a hearing.  Defendant appeals, arguing that the trial court erred in denying his section 1170.95 petition without first appointing him an attorney.

---

[1]     Undesignated statutory references are to the Penal Code.

1

For the reasons set forth below, we conclude the trial court did not err in denying defendant's petition and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Following the 2010 killing of C.M., a jury found defendant guilty of one count of second degree murder (§ 187, subd. (a)), one count of elder abuse resulting in death (§ 368, subd. (b)(1)), two counts of possession of a firearm by a felon (former § 12021, subd. (a)(1)), and one count of possession of ammunition by a felon (former § 12316, subd. (b)(1)). The jury also found various enhancement allegations to be true, including the special allegation that, in committing the murder, defendant had personally and intentionally discharged a firearm and thereby proximately caused great bodily injury and death (§ 12022.53, subd. (d)). The trial court sentenced defendant to state prison for an indeterminate term of 70 years to life plus a consecutive determinate term of 10 years. Following an appeal, this court affirmed the judgment. (*People v. Sharonoff* (Feb. 27, 2012, C066292) [nonpub. opn.].) On May 21, 2012, we issued a remittitur, rendering the judgment final.

On May 13, 2020, defendant filed a handwritten petition to vacate his murder conviction, citing section 1170.95. In the petition, defendant averred that a complaint or information had been filed against him that allowed the prosecution to proceed under the natural and probable consequences doctrine, and he had been convicted of murder under that theory. He requested that the trial court appoint him counsel in the proceeding on the petition.

The trial court summarily denied the petition in a written order. The court found defendant had failed to make a prima facie showing that he was eligible for relief under section 1170.95, reasoning as follows: "Specifically, Section 1170.95 mandates the vacating of a murder conviction when three conditions apply. First, a charging document was filed against a defendant which allowed the prosecution to proceed under the theory of felony murder, or murder under the natural and probable cause theory. Second, a

2

defendant was convicted of murder by a jury's verdict, or by a plea. Third, a defendant could not be convicted of murder today due to changes made to Penal Code Sections 188 and 189, which became effective January 1, 2019. [¶] It is clear in the instant case that the defendant was not prosecuted under the felony murder rule, or the natural and probable consequences theory. He was not an individual who was vicariously liable for another person's actions. Rather, he was the actual killer of [C.M]. The defendant was the only participant in this crime, and his shooting of [C.M.] directly caused that man's death. [¶] In short, because the defendant was the actual killer, he was not prosecuted under either the felony murder rule, or the natural and probable consequences theory. The jury determined that he, and he alone, personally and intentionally shot and killed [C.M]. As such, the enactment of [Penal Code section] 1170.95 cannot be utilized to vacate his murder conviction." (Fns. omitted.)

Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant contends the trial court erred by summarily denying his petition without appointing counsel. He argues this is inconsistent with the language of section 1170.95, as well as the state and federal constitutional rights to due process and assistance of counsel. We disagree.

### I

### *Senate Bill No. 1437*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), which became effective on January 1, 2019, revised the felony-murder rule in California "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability; it also added section 1170.95, which

3

provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions.  (Stats. 2018, ch. 1015, §§ 2-4; *People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1133, review granted Mar. 18, 2020, S260598 (*Lewis*).)

Section 1170.95, subdivision (c) provides:

"The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner.  The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served.  These deadlines shall be extended for good cause.  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."  (§ 1170.95, subd. (c).)

To make a prima facie showing, all three of the following conditions must apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.

"[And]

"(3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1170.95, subd. (a).)

Section 189 was amended to include new subdivision (e), which provides:

4

"A participant in the perpetration or attempted perpetration of a felony [including rape, robbery, and burglary] in which a death occurs is liable for murder only if one of the following is proven:

"(1) The person was the actual killer.

"(2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.

"(3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

Senate Bill 1437 also "added a crucial limitation to section 188's definition of malice for purposes of the crime of murder." (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 326, fn. omitted, review granted Mar. 18, 2020, S260493 (*Verdugo*).) Under new section 188, subdivision (a)(3), "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." "As a result, the natural and probable consequences doctrine can no longer be used to support a murder conviction." (*Lewis, supra*, 43 Cal.App.5th at p. 1135, review granted.)

## II

### *Summary Denial Prior to Appointing Counsel*

Defendant contends the trial court erred by summarily denying his petition without first appointing counsel, which he claims newly enacted section 1170.95 mandates. In his view, section 1170.95 does not permit a court to preliminarily determine whether a defendant meets the statute's prima facie criteria. Instead, upon receiving a section 1170.95 petition, the trial court must first appoint counsel, if requested, and permit the parties to file responsive pleadings before determining whether the defendant has stated a prima facie case of eligibility. Interpreting the statute as defendant urges would render the first sentence of subdivision (c), which provides that "[t]he court shall review the

5

petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section," mere surplusage. (§ 1170.95, subd. (c); see *Delaney v. Superior Court* (1990) 50 Cal.3d 785, 799 ["a construction that renders a word surplusage should be avoided"]; see also *People v. Woodhead* (1987) 43 Cal.3d 1002, 1010 ["It is a settled axiom of statutory construction that significance should be attributed to every word and phrase of a statute, and a construction making some words surplusage should be avoided."].)

When interpreting statutory language, we do not examine language in isolation but consider the context of the statutory framework as a whole. (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 724.) "When the statutory framework is, overall, chronological, courts will construe the timing of particular acts in relation to other acts according to their location within the statute; that is, actions described in the statute occur in the order they appear in the text." (*Lewis, supra*, 43 Cal.App.5th at pp. 1139-1140, review granted, citing *KB Home Greater Los Angeles, Inc. v. Superior Court* (2014) 223 Cal.App.4th 1471, 1477 [statutory scheme's sequential structure supports interpretation that acts required by the statute occur in the same sequence].) Applying this principle to section 1170.95, subdivision (c), the trial court must first determine whether a petitioner has made a prima facie showing that he or she "falls within the provisions" of the statute before appointing counsel, receiving briefs and then determining whether the petitioner has made "a prima facie showing that he or she is entitled to relief." (§ 1170.95, subd. (c); *Lewis*, at p. 1140; see *Verdugo, supra*, 44 Cal.App.5th at p. 330, review granted ["That the Legislature intended this three-step evaluation of a section 1170.95 petition is confirmed by the history of the legislation"].)

As other courts have recognized, "[a] prima facie showing of eligibility triggers the trial court's obligation to issue an order to show cause and either hold a hearing, give the parties an opportunity to waive a hearing and stipulate to eligibility, or '[i]f there was a prior finding by a court or jury that the petitioner did not act with reckless indifference

to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner.' " (*People v. Ramirez* (2019) 41 Cal.App.5th 923, 929, citing § 1170.95, subds. (c), (d)(1) & (2).) That is, only after the trial court determines that a petitioner has made a sufficient prima facie showing that he or she "falls within the provisions" of the statute is briefing done and a hearing held where the prosecution "has the burden to prove beyond a reasonable doubt[] that [a] petitioner is ineligible for resentencing." (*Ramirez*, at p. 929; § 1170.95, subd. (d)(3).) Where the court concludes that the petitioner does not fall within the provisions of the statute, no purpose would be served by proceeding to the next stages (appointment of counsel, response by the prosecutor, order to show cause), and summary denial of the petition without a hearing is proper. Indeed, " '[i]t would be a gross misuse of judicial resources to require the issuance of an order to show cause or even appointment of counsel based solely on the allegations of the petition, which frequently are erroneous, when even a cursory review of the court file would show as a matter of law that the petitioner is not eligible for relief.' " (*Lewis, supra*, 43 Cal.App.5th at p. 1138, review granted; see *People v. Cornelius* (2020) 44 Cal.App.5th 54, 57-58, review granted Mar. 18, 2020, S260410 [affirming summary denial of petition based on verdict, trial transcript, and prior appeal]; accord *People v. Tarkington* (2020) 49 Cal.App.5th 892, 897-898, review granted Aug. 12, 2020, S263219; *People v. Edwards* (2020) 48 Cal.App.5th 666, 673, review granted July 8, 2020, S262481; *People v. Drayton* (2020) 47 Cal.App.5th 965, 975-976; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1177-1178, review granted June 24, 2020, S262011; but see *People v. Cooper* (2020) 54 Cal.App.5th 106, 113-123 [holding that all properly pleaded petitions immediately entitle a petitioner to counsel], review granted Nov. 10, 2020, S264684.)

As the trial court discussed, defendant was ineligible for relief because he was the actual killer and had not been convicted of felony murder or murder under a theory of natural and probable consequences. Here, the trial court found the facts underlying

defendant's conviction for second degree murder established beyond a reasonable doubt that he killed the victim. As we observed on direct appeal, a witness saw defendant shoot the victim twice during an argument. (*People v. Sharonoff, supra*, C066292.) Moreover, as the trial court noted, its conclusion was "mandated not only by the evidence presented at trial, but also by the jury's finding that the special allegation ([§] 12022.53[, subd. ](d)) that the defendant personally and intentionally discharged the firearm that proximately caused [C.M.'s] death was true." As the "actual killer," defendant did not fall within section 1170.95's resentencing provision because he could still be convicted of first or second degree murder under section 189 as amended by Senate Bill 1437. (§ 189, subd. (e).)

Defendant alternatively argues that the trial court's summary denial of his petition violated his federal constitutional right to counsel under the Sixth Amendment. However, defendant had no constitutional right to counsel at this stage of a section 1170.95 proceeding. This provision's retroactive relief reflects an act of lenity by the Legislature and is not subject to Sixth Amendment analysis. (Cf. *People v. Anthony* (2019) 32 Cal.App.5th 1102, 1156 [no right to jury trial in proceedings under Senate Bill 1437 because its retroactive relief is "an act of lenity that does not implicate defendants' Sixth Amendment rights"].)

Finally, defendant claims the summary denial of his petition violated his procedural due process rights because it deprived him of procedures to which he was entitled under section 1170.95. Not so. As we have discussed, the trial court's summary denial of defendant's petition complied with section 1170.95's procedures.

### III

### *Harmless Error*

Defendant's argument is that after receiving his petition, the trial court should have appointed counsel and deferred ruling on the petition until the government had filed a response, and defendant—with the assistance of counsel—a reply. But defendant has

8

not offered any explanation for how the assistance of counsel in drafting a reply brief could have produced a different result.

Defendant's bare petition does not support a prima facie showing that he falls within the provisions of section 1170.95. Further, as summarized by the trial court, his record of conviction precludes it. (See *Verdugo, supra*, 44 Cal.App.5th at pp. 329-330, review granted.) The trial court properly determined that defendant's record of conviction showed he did not fall within the provisions of section 1170.95 because "defendant was not prosecuted under the felony murder rule, or the natural and probable consequences theory" and "he was the actual killer." Even with the benefit of counsel appointed to represent him in this appeal, defendant is patently ineligible for relief under the statute.

Under these circumstances, even assuming appointment of counsel was required, the trial court's failure to do so was harmless beyond a reasonable doubt. (See *People v. Cornelius, supra*, 44 Cal.App.5th at p. 58, review granted [rejecting contention that trial court erred in ruling on § 1170.95 petition before appointing counsel where petitioner was "indisputably ineligible for relief"].)

### DISPOSITION

The judgment (order) denying the petition is affirmed.

    /s/
HOCH, J.

We concur:


 /s/
RAYE, P. J.


 /s/
BLEASE, J.